*$400

JLS

KEVIN C. ALLEN, ESQUIRE                    **ATTORNEY FOR PLAINTIFF**
CRYSTLE - ALLEN LAW, LLC
ATTORNEY I.D. 55232
143 NORTH DUKE
LANCASTER, PA 17602
Phone:  717-393-0600
Email: kevin@crystleallen.com
Facsimile:  717-396-1028

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL ACTION

GERARDO ROSARIO                    :
           **Plaintiff**         :
                                 :      No.:   5:19cv5889
     v.                      :
                                 :
TOBY HICKEY                        :
    39 West Chestnut Street          :
    Lancaster, PA 17603              :      **JURY TRIAL DEMANDED**
                                 :
    and                              :
                                 :
CITY OF LANCASTER                  :
    120 North Duke Street            :
    Lancaster, PA 17602              :
             **Defendants**       :
                                 :
    and                              :
                                 :
JOHN DOE and RICHARD ROE,          :
UNKNOWN  POLICE OFFICERS OF        :
THE CITY OF LANCASTER, PA          :
    39 West Chestnut Street          :
    Lancaster, Pa  17602             :

## CIVIL ACTION COMPLAINT

**INTRODUCTION**

1.      This is an action for money damages against Lancaster City Police Officer Toby Hickey, Lancaster City and John Doe and Richard Roe, unknown police officers of the City of Lancaster, for violations of the constitutional rights of Plaintiff Gerardo Rosario.

2.      Defendant Toby Hickey unlawfully used unreasonable and excessive force by forcefully removing wound dressings and clothing from Plaintiff, striking, punching and kicking plaintiff while he was handcuffed and when he was not handcuffed.  The actions of Defendant Toby Hickey were without legal justification and in violation of Plaintiff Gerardo Rosario's rights under the laws and the Constitution of the United States, in particular the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983 and in violation of the laws and Constitution of the Commonwealth of Pennsylvania.

3.      Defendants John Doe and Richard Roe, the names, gender, and numbers of whom are unknown at this time, along with Defendant Hickey, forcefully removed Plaintiff, while naked, from the Lancaster City Police Station.  The actions of said Defendants were without legal justification and in violation of Plaintiff Gerardo Rosario's rights under the laws and the Constitution of the United States, in particular the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983 and in violation of the laws and Constitution of the Commonwealth of Pennsylvania.

4.      Defendant Lancaster City is directly liable and responsible for the acts of Defendant Toby Hickey and unknown officers John Doe and Richard Roe because, upon information and belief, the City of Lancaster, through its supervisors, repeatedly and

knowingly failed to enforce the laws and guidelines of the Commonwealth of Pennsylvania and the regulations of the Lancaster City Police Department pertaining to the use of force by police officers, thereby creating within the Lancaster City Police Department an atmosphere of lawlessness in which police officers employed unreasonable, excessive and illegal force and violence in the belief that such acts would be condoned and justified by their superiors.

5.      Defendant City of Lancaster failed to provide training and supervision concerning the rights of citizens, the duties of police officers and the unlawful use of force by police officers amounting to gross negligence, recklessness and/or deliberate indifference to the safety and lives of the citizens of the Commonwealth of Pennsylvania including Plaintiff, Gerardo Rosario.

6.      Plaintiff, Gerardo Rosario files the within civil action complaint and requests judgment against Defendants Hickey, John Doe and Richard Roe, unknown police officers of the City of Lancaster, and City of Lancaster jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00), plus punitive damages as to individual Defendants, interest, costs, attorneys fees pursuant to 42 U.S.C. §1988, and damages for delay.

**JURISDICTION**

7.      This action is brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. Section 1331, and 1332, and the aforementioned statutory and Constitutional provisions.

3

**PARTIES**

8.      Plaintiff Gerardo Rosario is an adult individual currently residing at 339 Lincoln Avenue, Ephrata, Pennsylvania.

9.      Defendant, Toby Hickey (hereinafter "Hickey"), is an adult individual who, during all relevant times, was employed by Defendant Lancaster City as a Police Officer. All of Defendant Hickey's actions or inactions were taken under color of state law. Upon information and belief defendant Hickey's business address is 39 West Chestnut Street, Lancaster, PA 17603. He is sued in his individual capacity.

10.     Defendant City of Lancaster is and at all times relevant to this Complaint was a Municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and located in the City and County of Lancaster at 120 North Duke Street, Lancaster, PA 17602. At all times relevant hereto, Defendant City of Lancaster acted by and through its agents, servants and/or employees including defendant Hickey, Doe and Roe. It is responsible for the policies, procedures, practices and customs created, implemented, enforced and utilized by Lancaster City Police including such policies, procedures, practices and customs that relate to arrest, prosecution, the use of force continuum, physical restraint of suspects, conflict resolution, and does so through its various agencies, agents, departments, representatives, officials and/or employees, including but not limited to Defendants Hickey, Doe and Roe.

11.     Defendants John Doe and Richard Roe the names, gender, and numbers of whom are unknown at this time were duly appointed police officers of the City of Lancaster

4

with a business address of 39 West Chestnut Street, Lancaster, Pennsylvania, 17602.  At all times relevant,  John Doe and Richard Roe were acting in their capacities as the agents, servants and employees of the Defendant Lancaster City.  They are being sued individually.

## FACTUAL ALLEGATIONS

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 11, the same as if set forth at length herein.

12.    On or about February 4, 2018 Plaintiff Gerardo Rosario was shot four times by an unknown assailant near the intersection of Pershing Street and Howard Avenue in Lancaster, PA.

13.    At the same time and place, multiple unknown Lancaster City police officers arrived at the scene and threw Plaintiff to the ground although he had bullet wounds to his right arm, chest and left wrist.

14.    Plaintiff was taken to Lancaster General Hospital where his wounds were treated including surgery to remove bullets and repair bones in the left wrist.

15.    Plaintiff was released to police custody on or about February 5, 2018 and taken to the Lancaster City Police Station at 39 West Chestnut Street, Lancaster, PA.

16.    While at the police station, Plaintiff was questioned by a police officer who then moved Plaintiff to a different cell.

17.    Once moved to the cell, Defendant Hickey demanded that Plaintiff remove his clothing and plaintiff complied.

18.    Defendant Hickey cut some of Plaintiff's clothing off.

5

19.     Defendant Hickey then forcefully removed the wound dressings off of Plaintiffs right arm and left wrist where Plaintiff had just undergone surgical repair.

20.     Defendant Hickey assaulted Plaintiff, punching him and kicking him.

21.     Defendant Hickey handcuffed plaintiff and left him in the cell naked and bleeding from his wounds.

22.     After approximately two hours, Plaintiff was forcefully picked up by Defendant Hickey and at least three other unknown officers and thrown naked into the back of a Lancaster County Sheriff's vehicle driven by female Sheriff's Deputy Moyer.

23.     Deputy Moyer was directed by Defendant Hickey to take Plaintiff directly to the Lancaster County Prison.

24.     Plaintiff was escorted naked to Lancaster County Prison by Deputy Moyer

25.     At Lancaster County Prison, after being examined by a nurse, Plaintiff was denied entry due to his now open and uncovered wounds.

26.     Plaintiff was transported back to Lancaster General Hospital where he was admitted for his open wounds.

27.     Plaintiff Gerardo Rosario in no way provoked the aggressive conduct of Defendant Officers.

28.     The force exerted by Defendant Officers was unnecessary and excessive.

29.     As a result of the unnecessary use of force by Defendants Hickey and unknown officers, Plaintiff Gerardo Rosario suffered severe personal injuries including, but not limited to: injury to his left wrist; injuries to his face; multiple contusions; embarrassment and humiliation; and severe mental and emotional distress.

6

30.     As a further direct and proximate result of the aforesaid acts and omissions of Defendant Officers, Plaintiff Gerardo Rosario was, and may in the future be, unable to engage in his usual daily activities and occupations all to his great detriment and loss.

31.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff Gerardo Rosario has been required to undergo various medical treatments in an effort to effect a cure for his injuries and he may require ongoing medical treatment in the future for said injuries, all of which causes Plaintiff to endure severe pain, suffering, embarrassment, humiliation and severe mental and emotional distress and he is expected to suffer such loss in the future, all to his great detriment and loss.

32.     As a direct and proximate result of the above described unlawful, reckless, arbitrary, intentional and malicious acts of Defendants Hickey, Doe, and Roe, all committed under color of authority as Lancaster City Police Officers and while acting in that capacity, Plaintiff Gerardo Rosario suffered great bodily harm in violation of his rights under the laws and Constitution of the United States in particular the Fourth Amendment thereof and 42 U.S.C. §1983.

33.     Plaintiff Gerardo Rosario was a victim of summary punishment at the hands of Defendants Hickey, Doe and Roe.

34.     The punishment administered was grossly disproportionate to whatever Plaintiff's acts may have been, constituted cruel and unusual punishment and deprived him of his right to due process of law under the laws and Constitution of the United States, specifically, the 4th and 14th Amendments to the U.S. Constitution.

7

35.     The infliction of injury upon Plaintiff Gerardo Rosario by Defendants Hickey, Doe, and Roe was unreasonable, unwarranted, cruel, arbitrary, reckless, inhumane, unjustifiable and excessive.

## COUNT I

## PLAINTIFF, GERARDO ROSARIO
v.
## DEFENDANT TOBY HICKEY
## USE OF FORCE

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35, the same as if set forth at length herein.

36.     Defendant Hickey unlawfully injured Plaintiff Gerardo Rosario without just and legal cause and with reckless indifference to the safety of Plaintiff, utilizing unnecessary and excessive force thereby violating Plaintiff's rights under the laws and Constitution of the United States, in particular 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

37.     Defendant Hickey knew that the techniques he used to deliver the force to the Plaintiff, i.e. stripping the Plaintiff and requiring him to be transported naked and punching Plaintiff and placing handcuffs on the wrist he just had surgically repaired, was not generally accepted in law enforcement and would likely result in serious injuries to the Plaintiff.

38.     The force used by Defendant Hickey was unnecessary and excessive and, therefore, unlawful.

39.     The acts of Defendant Hickey were without justification or provocation.

8

40.    As a direct and proximate result of the acts of Defendant Hickey, Plaintiff Gerardo Rosario suffered severe personal injuries more specifically described above in paragraphs 29 through 34.

WHEREFORE, Plaintiff Gerardo Rosario demands judgment against Defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages as to individual Defendants, interest, costs, attorney's fees and damages for delay.

## COUNT II

**PLAINTIFF, GERARDO ROSARIO**
**v.**
**DEFENDANTS DOE AND ROE**
**USE OF FORCE**

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40, the same as if set forth at length herein.

41.    Defendants Doe and Roe unlawfully injured Plaintiff Gerardo Rosario without just and legal cause and with reckless indifference to the safety of Plaintiff, utilizing unnecessary and excessive force thereby violating Plaintiff's rights under the laws and Constitution of the United States, in particular 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

42.    Defendants Doe and Roe knew that the techniques they used to deliver the force to the Plaintiff, i.e. forcefully removing Plaintiff from the police station naked and

9

requiring him to be transported naked, was not generally accepted in law enforcement and would likely result in serious injuries to the Plaintiff.

43.    The force used by Defendants Doe and Roe was unnecessary and excessive and, therefore, unlawful.

44.    The acts of Defendants Doe and Roe were without justification or provocation.

45.    As a direct and proximate result of the acts of Defendants Doe and Roe, Plaintiff Gerardo Rosario suffered severe personal injuries more specifically described above in paragraphs 29 through 34.

WHEREFORE, Plaintiff Gerardo Rosario demands judgment against Defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages as to individual Defendants, interest, costs, attorney's fees and damages for delay.

## COUNT III

### PLAINTIFF, GERARDO ROSARIO
v.
### DEFENDANT TOBY HICKEY
### STATE LAW TORT CLAIMS OF ASSAULT AND BATTERY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 45, the same as if set forth at length herein.

46.    At all times relevant Defendant Hickey was acting as a Police Officer of the Lancaster City Police Department for Defendant City of Lancaster acting at all times within the course and scope of his authority.

10

47.     The acts of Defendant Hickey as alleged in the preceding paragraphs

constitute the torts of assault and battery all to Plaintiff's great detriment and loss

48.     The acts of Defendant Hickey as alleged in the preceding paragraphs

deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of

the Commonwealth of Pennsylvania in particular the right to be secure in his person and

property, to be free from excessive punishment, and the right to due process, thereby

resulting in the injuries and damages more specifically described in paragraphs 29 through

31.

WHEREFORE, Plaintiff Gerardo Rosario demands judgment against Defendants

jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand

Dollars ($150,000.00) plus punitive damages as to individual Defendants, interest, costs,

attorney's fees and damages for delay.

### COUNT XIII

### PLAINTIFF, GERARDO ROSARIO
### v.
### DEFENDANT CITY OF LANCASTER

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through

48, the same as if set forth at length herein.

49.     Upon information and belief, prior to September 17, 2017, Municipal

Defendant City of Lancaster tolerated and ratified a pattern and practice of unjustified

unreasonable and illegal use of force by:

> a.     Failing to adequately supervise, instruct, train, and educate their
>
> officers in regard to appropriate force continuum, and ensure that

11

appropriate force continuum were properly implemented as a matter of policy and, thereafter enforced and followed, so as to expose members of the public, including Plaintiff, to the least possible level of force, including no force whatsoever, where no force is required;

b.     Failing at the institutional and policy level to adequately supervise, instruct, train, and educate their officers in regard to interactions with individuals, including Plaintiff, so that proper communication can occur, and potentially violent confrontation can be avoided;

c.     Failing at the institutional and policy level to adequately supervise, instruct, train, and educate their officers regarding the increased risk of serious injury that accompanies use of force;

d.     Failing at the institutional and policy level to adequately supervise instruct, train, and educate their officers in the proper use of physical restraint methods; and

e.     Failure to create, maintain, disseminate, promulgate, update, revise, and enforce reasonable written and unwritten policies prohibiting unreasonable, malicious, and excessive use of force against persons by their officers.

50.     Upon information and belief, Municipal Defendant maintained either an inadequate system or no system of review of the use of force by police officers, which results in the failure to identify instances of improper use of force, or failure to discipline, closely supervise or retrain police officers who improperly use force.

12

51.     Upon information and belief, Municipal Defendant failed to promulgate and enforce a policy relating to the use of force which is not in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution, thereby causing and encouraging police officers, including Defendant Hickey to violate the rights of citizens such as Plaintiff.

52.     Upon information and belief, Municipal Defendant intentionally and/or with conscious indifference to the danger of harm to citizens like Plaintiff, established a system which fails to identify, track or report instances of improper use of force and which is used by Municipal Defendant to conceal the extent to which police officers engage in improper and excessive use of force.

53.     Upon information and belief, the foregoing acts, omission and systemic deficiencies of policies, practices and customs of Municipal Defendant caused police officers of Municipal Defendant including the individual named defendants, to be unaware of or to disregard the rules and laws governing the situations under which it is permissible to engage in the use of force and to believe that the excessive use of force against citizens without just cause is a proper police practice entirely within the discretion of the officer and that excessive use of force resulting in injuries would not be honestly and properly investigated all with the foreseeable result that officers, including individually named defendant officers in this case, are more likely to engage in excessive use of force in situations where such action is neither necessary, reasonable nor legal.

54.     Upon information and belief, Municipal Defendant as a matter of policy and practice have with deliberate indifference failed to adequately train, discipline, sanction or

13

otherwise direct Lancaster City Police Department Officers concerning the rights of citizens particularly the Fourth Amendment of the United States Constitution, thereby causing the Defendant officers in this case, to engage in unlawful conduct described above.

55.     Upon information and belief, Municipal Defendant, as a matter of policy and practice, have with deliberate indifference failed to adequately train, discipline, sanction or otherwise direct Lancaster City Police Department Officers, including Defendant officers in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens including Fourth Amendment rights violations by other police officers, thereby causing and encouraging officers including Defendant officers in this case to engage in unlawful conduct which violates Plaintiff's Fourth Amendment rights.

56.     Municipal Defendant is directly liable for their own acts and omissions, specifically with regard to the failure to train and the promulgation of violations of the Plaintiff's Fourth Amendment rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones, and/or tolerates such violations.

57.     As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of Municipal Defendant, Defendant officers violated Plaintiff's Fourth Amendment rights, thereby causing severe personal injuries and damages to Plaintiff, more specifically set forth above in Plaintiff's complaint.

**WHEREFORE,** Plaintiff demands judgment against Defendants jointly, severally and in the alternative in a sum in excess of One-Hundred-Fifty-Thousand Dollars ($150,000.00), plus costs, attorneys fees pursuant to 42 U.S.C. §1988 and damages for delay.

CRYSTLE - ALLEN LAW, LLC

By: _____

Kevin C. Allen, Esquire
Attorney for Plaintiff, Gerardo Rosario
Attorney I.D. No. 55232
143 North Duke Street
Lancaster, PA 17602
Telephone: (717) 393-0600
Facsimile: (717) 396-1028
E-mail: kevin@crystleallen.com

## VERIFICATION

I, **GERARDO ROSARIO,** verify that the statements made in the foregoing **CIVIL**

**ACTION COMPLAINT** are true and correct.  The undersigned understands that false

statements herein are made subject to the penalties of the 18 PACSA §4904 relating to unsworn

falsification to authorities.

Date: 12/4/2019

**GERARDO ROSARIO**